# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50284 | **DATE** | 6/24/2011 |
| **CASE TITLE** | Bloyer v. Taidoc Technology Corp., et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' motion to dismiss [15] is granted as to Count XIII and Count XIV.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Plaintiff, Jeannette Bloyer, administrator of the Estate of Mary Green, has filed a twenty-count complaint against defendants Taidoc Technology Corp. (Taidoc); Pharma Supply, Inc. (Pharma); Diabetic Supply of Suncoast, Inc. (Suncoast); and Senior Medical Supplies (Senior Medical), arising out of the injury and eventual death of Mary Green on March 8, 2010, which plaintiff alleges was the direct and proximate result of the unreasonably dangerous condition of a medical device designed and manufactured by Taidoc and distributed by Pharma, Suncoast, and Senior Medical. In her first amended complaint, plaintiff alleges, among other claims, a wrongful death action based on res ipsa loquitur as to all defendants (Count XIII), and a survival action claim based on res ipsa loquitur as to all defendants (Count XIV).[1] Defendants Pharma, Suncoast, and Senior Medical have filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss Counts XIII and XIV for failure to state a claim. For the following reasons, defendants' motion to dismiss is granted.

### I. BACKGROUND

    Plaintiff alleges the following facts. On December 11, 2009, Mary Green began using an Advocate Duo "Blood Glucose Plus Blood Pressure Monitor" (glucometer) manufactured and introduced into the stream of commerce by defendant Taidoc. Defendants Pharma, Suncoast, and Senior Medical sold and distributed this particular glucometer model, and Senior Medical sold the actual glucometer in question, serial #Y3223A-09F-000219, to Mary Green. Plaintiff alleges that this glucometer was unreasonably dangerous in one or more of the following ways:

    a. failed to properly read a patient's blood glucose level;

    b. failed to accurately portray a patient's blood glucose level;

    c. failed to have the appropriate design to accurately monitor a patient's blood glucose level;

    d. portrayed inaccurate blood glucose levels of a user including Mary Green.

On and after December 11, 2009, Mary Green utilized the glucometer. Plaintiff alleges that Green utilized the

device in a manner pursuant to the manufacturer's directions and instructions, that Green relied on the glucometer's readings, and that these readings were in fact inaccurate.

Plaintiff further alleges that, as a result of the improper readings issued by the glucometer, Mary Green suffered serious personal injuries that eventually led to her death. These injuries include a fall on December 14, 2009, that dislocated Green's shoulder as well as an episode on December 16, 2009, in which Green lost consciousness and was harmed as a result. After the December 16 episode, Mary Green was hospitalized until she passed away on March 8, 2010. During this hospital stay, plaintiff alleges that Green continued to suffer from injuries and complications resulting from an exceedingly abnormal blood glucose level. Plaintiff claims that this pain and suffering was directly and proximately caused by the unreasonably dangerous condition of the glucometer.

## II. ANALYSIS

In evaluating a motion to dismiss under Rule 12(b)(6), the court must consider whether plaintiff has stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A court must accept as true all of the facts contained in the complaint, and all reasonable inferences are to be drawn in a light most favorable to the non-moving party. In re marchFIRST Inc., 589 F.3d 901, 904 (7th Cir. 2009). A motion to dismiss should be granted if the plaintiff fails to offer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (emphasis added). Pursuant to Federal Rule of Civil Procedure 8(a), the complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a) requires "more than labels and conclusions," and merely offering "a formulaic recitation of the elements of a cause of action" is insufficient. Twombly, 550 U.S. at 555. The complaint need not contain detailed factual allegations, however, legal conclusions "must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. ___, ___, 129 S. Ct. 1937, 1940 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. (citations and footnote omitted). The pleading rule does "not require heightened fact pleading of specifics," but nonetheless, plaintiffs must nudge "their claims across the line from conceivable to plausible." Id. at 570.

A plaintiff bringing a claim based on the doctrine of res ipsa loquitur must plead that the injury occurred because of something that ordinarily does not happen "in the absence of negligence," and further, that it was caused "by an agency or instrumentality within the defendant's exclusive control." Heastie v. Roberts, 226 Ill. 2d 515, 531-32 (2007). An action claiming negligence based on res ipsa loquitur, such as the current claims, may be challenged on the pleadings. Id. at 532. Additionally, the Illinois Supreme Court has held that because the question of whether the doctrine should apply is a matter of law, it "must be decided in the first instance by the trial court." Imig v. Beck, 115 Ill. 2d 18, 27 (1986).

In support of their motion to dismiss Counts XIII and XIV, defendants argue that the facts alleged in the complaint do not show that defendants had exclusive control over the instrumentality which allegedly caused plaintiff's injury (the glucometer), and that plaintiff has alleged facts demonstrating that she engaged in voluntary acts (her actions or inactions in reliance on the glucometer readings) which ultimately caused her alleged injury. As support for this argument, defendants cite Carroll v. Faust, 311 Ill. App. 3d 679 (2000), in which the plaintiff suffered injury while drawing hot water from a hotel room's bathroom faucet that was heated to an unreasonable temperature. Id. at 682. The court found that because the plaintiff himself had to have turned on the bathtub faucet controlling the water which burned him, the defendant was not in "exclusive control" of the instrumentality. Therefore, the court found that the plaintiff had failed to allege exclusive control, a necessary element of her res ipsa loquitur claim, and affirmed the dismissal of that claim. Id. at 688.

In her response to defendants' motion to dismiss, plaintiff reiterates that all defendants, each serving as a layer of the glucometer's supply chain, maintained exclusive control over the design, manufacturing, and distribution of the allegedly defective product. Further, because one need only present evidence allowing the

| STATEMENT |
|---|

reasonable inference that what occurred would not happen in the absence of negligence, see <u>Dyback v. Weber</u>, 114 Ill. 2d 232, 242 (1986), plaintiff argues that she has sufficiently pleaded the exclusive control element of a <u>res ipsa loquitur</u> claim. However, plaintiff's reasoning is flawed.

In Counts XIII and XIV, plaintiff claims negligence using the doctrine of <u>res ipsa loquitur</u> not in the area of distribution, but only with respect to the design and/or manufacturing of the glucometer. Specifically, plaintiff alleges in paragraph 18 of Counts XIII and XIV that "[a]t all relevant times, the aforesaid [glucometer] would not provide dramatically erroneous results . . . absent the negligent design and/or manufacturing of the glucometer at issue." Nowhere in plaintiff's complaint does she allege that defendants Pharma, Suncoast, and Senior Medical in any way designed or manufactured the product. Moreover, to the extent plaintiff is also attempting to claim negligence with respect to the warnings and instructions that came with the glucometer, there are no specific allegations that any of the three moving defendants were responsible for the warnings or instructions that accompanied a product designed and manufactured by another company. While plaintiff is correct in stating that the Illinois Supreme Court has ruled that the element of exclusive control is a flexible one, see <u>Heastie</u>, 266 Ill. 2d at 532, the Court also went on to state that "the key question is whether the probable cause of the plaintiff's injury was one which the defendant was under a duty to anticipate or guard against." <u>Id.</u> Because defendants Pharma, Suncoast, and Senior Medical had no hand in the design and/or manufacturing of the glucometer, they were under no duty to anticipate or guard against an injury resulting from negligence in this area. The only party in plaintiff's action that had exclusive control over the design and manufacturing of Mary Green's Advocate Duo "Blood Glucose Plus Blood Pressure Monitor," serial #Y3223A-09F-000219, was defendant Taidoc.

As for defendants' argument concerning plaintiff's voluntary acts, it is difficult to discern from defendants' pleadings whether this is simply an extension of their exclusive control argument, or whether it is a separate argument that plaintiff has not alleged she was free from neglect. To the extent it is part of their exclusive control argument, the court agrees that the instrumentality of plaintiff's alleged injury was not within the control of defendants Pharma, Suncoast, or Senior Medical at the time the injury occurred, and that any allegations regarding plaintiff's use or reliance on the glucometer helps to further negate this necessary element of plaintiff's claim. To the extent that defendants are arguing plaintiff's voluntary acts negates a separate element of a <u>res ipsa loquitur</u> claim, that argument is misplaced. In older cases like <u>Carroll</u>, it used to be that a plaintiff bringing a <u>res ipsa loquitur</u> claim had to establish that "circumstances indicated that the injury was not due to any voluntary act or neglect on the part of the plaintiff." <u>Carroll</u>, 311 Ill. App. 3d at 687. That is no longer the case. See <u>Heastie</u>, 226 Ill. 2d at 532 ("The traditional formulation of the doctrine also included a requirement that the injury occurred under circumstances indicating that it was not due to any voluntary act or neglect on the part of the plaintiff. Consistent with the principles of comparative fault followed in this state, however, a plaintiff is no longer required to plead and prove freedom from contributory negligence in order to make out a <u>prima facie</u> case under the doctrine of <u>res ipsa loquitur</u>." (citations omitted)).

### III. CONCLUSION

Because plaintiff has failed to plead the necessary <u>res ipsa loquitur</u> element of exclusive control, defendants' motion to dismiss Counts XIII and XIV is granted, and plaintiff's negligence claims in these two counts will be allowed to proceed only as to defendant Taidoc.

---

1. Plaintiff lists defendants Taidoc, Pharma, Suncoast, and Senior Medical in the headings for Counts XIII and XIV, but she seeks a judgment only against defendant Taidoc on those counts. Nevertheless, the court will address defendants' motion to dismiss under the assumption that plaintiff intended to include all four defendants in her <u>res ipsa loquitur</u> claims.